IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

2023 APR 24 A 11: 55

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Civil No. 2:23-8013-MHH |
| ) | |
| v. ) | 2:21-cr-389-MHH-JHE |
| ) | |
| JAMES LOUIS GAINES, JR. ) | |

**MEMORANDUM BRIEF IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. §2255**

COMES NOW, James Louis Gaines, Jr., the Petitioner, pro-se, and respectfully files this Memorandum Brief in support of his Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. Section 22552 imposed by this Honorable Court on June 10, 2022 proceedings. Petitioner Gaines is presently incarcerated at the Federal Correction Institution, FCI Greenville, In Greenville, Illinois.

IN SUPPORT THE PETITIONER STATES AS FOLLOWS:

STATEMENT OF THE FACTS

The Petitioner plead guilty to Count One of the indictment for the crime of being a convicted felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1), as charged in Count One.

<u>TERMS OF THE AGREEMENT</u>

I. <u>MAXIMUM PUNISHMENT</u>

The defendant understands that the maximum statutory punishment that may be imposed for the crime of being a convicted felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1), as charged in COUNT ONE, is:

(1)

     a.    Imprisonment for not more than 10 years;

     b.    A fine of not more than $250,000; or,

     c.    Both (a and b);

     d.    Supervised release term of not more than 3 years; and

     e.    Special Assessment Fee of $100.

Furthermore, Title 18, United States Code, Section 924(e) states that:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen (15) years..."

On June 10, 2022 this Honorable Court Sentenced the Petitioner to the custody of the United States Bureau of Prisons to be imprisoned for a term of 135 months, to be served concurrently with an yet-to-be imposed State Court sentences. And upon release from imprisonment, the Defendant shall be on supervised release for term of 36-months.

## LEGAL STANDARDS

### A. Standard of Review for § 2255

Because collateral review is not a substitute for direct{2021 U.S. Dist. LEXIS 4} appeal, the grounds for collateral attack on a final judgment, pursuant to § 2255, are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted); see also, United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (collecting cases)). If a court finds a claim under § 2255 valid, the court shall vacate and set aside the judgment and discharge the prisoner, grant a new trial, or correct the sentence. See 28 U.S.C. § 2255. The burden of proof is on Movant, not the Government, to establish that vacatur of the conviction or sentence is required. Beeman v. United States, 871 F.3d 1215, 1221-22 (11th Cir. 2017), reh'g en banc denied, Beeman v. United States, 899 F.3d 1218 (11th Cir. 2018), cert. denied, Beeman v. United States, 139 S. Ct. 1168, 203 L. Ed. 2d 211 (2019).

### B. Ineffective Assistance of Counsel Standard

A criminal defendant is entitled to the effective assistance of counsel before deciding whether to plead guilty. Lee v. United States, 137 S. Ct. 1958, 1964, 198 L. Ed. 2d 476 (2017). Where a movant challenges his counsel's effectiveness,{2021 U.S. Dist. LEXIS 5} he must demonstrate that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If the movant cannot meet one of Strickland's prongs, the court need not address the other. Id. at 697.

To show deficient performance, the movant must demonstrate that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citation omitted). To show prejudice, the movant must establish that, but for his counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. In the sentencing context, this requires a showing that the sentence would have been less severe. *Glover v. United States*, 531 U.S. 198, 203, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001). Conclusory allegations of ineffective assistance are insufficient under *Strickland*. *See Boyd v. Comm's, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012).

## ISSUE ONE

### THE PETITIONERS SENTENCE IS UNCONSTITUTIONAL BECAUSE PETITIONER DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT OF OF THE UNITED STATES CONSTITUTION

The Petitioners Counsel Steven Randall Horton, ESQ was ineffective for failing to review the Presentence Report and the Sentencing Memorandum with the Petitioner, and detail any possible objections to the Presentence Report. Pursuant to Rule 32 Sentencing and Judgment.

Counsel Horton failed to review the Presentence Sentence Report with the Petitioner and also failed to address and object to the Court failure in violation under Rule 32(c)(3)(A), in which the District Court must verify that the Defendant and Defendants counsel have read and discussed the presentence report.

### THE VIOLATION OF RULE 32

Rule 32(c)(3) 2 provides in relevant part:

Before imposing sentence, the court must:

{80 F.3d 1388} (A) verify that the defendant and defendant's counsel have read and discussed the presentence report . . . [and] give the defendant{1996 U.S. App. LEXIS 10} and the defendant's counsel a reasonable opportunity to comment on that information. "The plain language of [the rule] requires that the court determine whether or not the defendant and his counsel have had the opportunity to read and discuss the report.

The record is clear that Counsel Horton never reviewed the Presentence Report with the Petitioner and in fact, the record is also clear that the Presentence Report was filed with this Honorable Court on June 9, 2022 (DKT. 32) the day before sentencing. (Dkt. 34 June 10, 2022 - Sentencing) Furthermore Counsel Horton also failed to discuss the Presentence report and possible Sentencing Memorandum prior to Sentencing (It should be noted, that NO Sentencing Memorandum was filed by Counsel Horton, pursuant to 32(f)(1) any sentencing objections should have been filed within 14 days after receiving the Presentence Report, thus

violating his Sixth Amendment right and Fourteen Right to Due Process. .

Counsel Horton failed to follow Court Rules 32(e)(2) " MINIMUM REQUIRED NOTICE ", as follows: The the Probation Officer must give the PSR to the Defendant, the Defendant's Attorney, and an Attorney for the Government at " LEAST 35-DAYS " before Sentencing. (It should be noted that the Petitioner did not waive this minimum period)

## ISSUE TWO

### THE PETITIONERS SENTENCE IS UNCONSTITUTIONAL BECAUSE PETITIONER DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT OF OF THE UNITED STATES CONSTITUTION

The Petitioners Counsel Steven Randall Horton, ESQ was ineffective for failing to address at Sentencing, " the substantial assistance " the Petitioner provided.

The Petitioner states a guilty plea must be free from coercion, see UNITED STATES -v- FREIXAS 332 F. 3d. 1314, 1316 (11th. Cir. 2003)(quoting UITED STATES -v- LEJARDE-RADA, 319 F. 3d. 1288 1289 (11th. Cir. 2003).

**Guilty Plea Principles**

After a knowing and voluntary guilty plea has been entered, a criminal defendant may not raise claims relating to the alleged deprivation of constitutional rights occurring prior to the entry of the guilty plea, but may only: (1) raise jurisdictional issues, *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003); (2) attack the voluntary and knowing character of the guilty plea, *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (*per curiam*); or, (3) challenge the constitutional effectiveness of the assistance he received from his attorney in deciding to plead guilty, *United States v. Fairchild*, 803 F.2d 1121, 1123 (11th Cir. 1986) (*per curiam*). Thus, a voluntary and intelligent plea of guilty, made by an accused person, must stand unless induced by misrepresentations made to the accused person by the court, prosecutor, or his own counsel. See *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970).

Counsel Horton failed to address at sentencing the proffer sessions with the government the Petitioner provided. Counsel was aware of these sessions and that such cooperation qualifies as " substantial assistance " to warrant a " downward departure " pursuant to to Title 18 U.S.C. Section 3553(e) and or Section 5K1.1 of the Sentencing Guidelines.

(4)

Furthermore, Counsel Horton " induced " the Petitioner to " plead guilty " premised on such cooperation with the cooperation. The Petitioner also advised Counsel Horton why nothing was mentioned and indicated in the plea agreement regarding the substantial assistance he provided. STRICKLAND -v- WASHINGTON, 466 U.S. 668 (1984)(also see, LAFLER -v- COOPER 566 U.S. 156, 132 S. Ct. 1376, 1384, 182 L. Ed. 2d. 398 (2012)(quoting McMANN -v- RICHARDSON, 397 U.S. 759 (1970)

### RECOMMENDED SENTENCE

Subject to the limitations in paragraph VIII regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

(a) That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

(b) That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the low end of the United States Sentencing Guideline, as that is determined by the court on the date that the sentence is pronounced;

(c) That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3;

(d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and

(e) That the defendant pay a special assessment fee of $100, said amount due and owing as of the date sentence is pronounced.

The Petitioner further asserts that the information provided qualified for a 5K1.1 or Rule 35(b), and failed to " advocate " and present such cooperation in a sentencing memorandum. See, UNITED STATES -v- OROZCO, 160 F. 3d. 1309, 1315 (11th. Cir. 1998)

The record is clear that Counsel Horton advised the Petitioner that he would NOT receive more than 10-years if he cooperated and plead guilty. This Honorable Court fully understands how plea's are based upon plea agreements. This Honorable Court fully understands that in most cases Counsels actions must be addressed to find the truth regarding the factual basis of a plea of guilty, when a Defendant raises such claims. In the " Interest of Justice " this Honorable Court has a duty to find the truth regarding that indeed the Petitioner proffered and provided additional information to assist the government, and receive a " downward departure ". Counsel Horton failed to provide " effective assistance of counsel " for the Petitioner during his due process and adjudication.

Counsel Horton failed to present any 3553 factors at sentencing, and failed to argue to this Court that his proffered sessions had potential benefits beyond the hope of gaining a substantial assistance Motion under U.S.S.G. Section 5K1.1. The Petitions cooperation with law enforcement could reflect positively on his " history and characteristics " for sentencing purposes, 18 U.S.C. Section 3553(a)(1) and persuade this Court of the Petitioner's remorse and desire to make amends to the extent making amends was possible.

Thus, even without the potential for a 5K1.1 motion, a " competent attorney could have reasonably argued that fact of such cooperation and proffer session. See, CHANDLER -v- UNITED STATES, 218 F. 3d. 1305, 1315 (11th. Cir. 2000)(eon banc).

### ISSUE THREE

#### THE PETITIONERS SENTENCE IS UNCONSTITUTIONAL BECAUSE PETITIONER DI DNOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT OF OF THE UNITED STATES CONSTITUTION

The Petitioners Counsel Steven Randall Horton, ESQ was ineffective for failing to request and introduce " dash cam " video from Alabama State Trooper William Elston, which allegedly observed " items throw out of the window " of the Petitioner's vehicle traveling over 85 mile per hour on I-59. And failed to requested to have forensic prints on the alleged weapon that was throw out the vehicles window.

Counsel Horton failed to request " DASH-CAM " Video and request to have forensic prints on the alleged weapon that was throw out of the vehicle in questioned.

(6)

Counsel Horton fully understands to defend his client he must explore all avenues of the Petitioner's possible defenses. Counsel Horton failed to request the dash-cam evidence and forensic prints on the weapon and lacking this evidence, good or bad, does not clearly explain the actions of the Petitioner, rather than merely conclusory allegations unsupported. See, RIVERS -v- UNITED STATES, 777 F. 3d. 1306, 1316 (11th. Cit. 2015) also see, BEEMAN -v- UNITED STATES 871 F. 3d. 1215 (11th. Cir. 2017)

Counsel Horton failure to investigate possible mitigating evidence regarding the the alleged weapon and the totality of the relevant factors of 922(g) which the Petitioner was facing regarding this violation of Section 922(g), knowing he was a convicted felony.

Furthermore, the dash-cam would of discovered that Trooper Elston did not recover the alleged weapon Trooper Jamel Bouyer responding to the scene actually recovered the weapon. Thus, Counsel Horton's failure to secure the dash-cam video would have shown the actual events, and determine if a plea agreement was warranted. Counsel Horton was ineffective for failing to secure any possible evidence to defend the Petitioner. STRICKLAND -v- WASHINGTON, 466 U.S. 668 (1984)

### CERTIFICATE OF APPEALABILITY

Unless a judge issues a certificate of appealability ("COA"), an appeal may not be taken to the Court of Appeals from the final order in a proceeding under § 2255. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183, 129 S. Ct. 1481, 173 L. Ed. 2d 347 (2009). This Court should issue a COA only if the petitioner makes "a substantial showing{2021 **U.S. Dist. LEXIS 10**} of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

To merit a COA, petitioners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

WHEREFORE the Petiitoner respectfully asks this Honorable Court to GRANT his Section 2255 Motion and or hold an evidentiary hearing to determine the disputed facts.

respectfully submitted on this ___18___ day of April, 2023

*James L. Gaines Jr.*

Mr. James Louis Gaines # 76167-509
FCI Greenville
P.O. Box 5000
Greenville, IL 62246
PRO SE REPRESENTATION

(7)

## CERTIFICATE OF SERVICE

I HEREBY STATE that I James L. Gaines placed a true and correct copy of this instrument in FCI Greenville's Legal Mail system with First Class postage on this __18__ day of April, 2023, and served this Honorable Court and the United States Assistant Attorney.

*James L. Gaines Jr*
Mr. James L. Gaines # 76197-509

| 05/09/2022 | 28 | SEALED MOTION (KWC, ) (Entered: 05/09/2022) |
|---|---|---|
| 05/16/2022 | 29 | TEXT ORDER as to James Louis Gaines, Jr: The **Sentencing Hearing** currently set for 5/18/2022 is **RESET** for **Wednesday, June 8, 2022 at 1:30 PM** in Courtroom 7B of the Hugo L Black US Courthouse, Birmingham, AL before Judge Madeline Hughes Haikala. Signed by Judge Madeline Hughes Haikala on 5/16/2022. (MEB2) (Entered: 05/16/2022) |
| 06/07/2022 | 30 | NOTICE OF ATTORNEY APPEARANCE Austin Shutt appearing for USA. (Shutt, Austin) (Entered: 06/07/2022) |
| 06/07/2022 | 31 | MOTION for Order of Forfeiture by USA as to James Louis Gaines, Jr. (Attachments: # 1 Text of Proposed Order)(Shutt, Austin) Modified on 6/7/2022 (KWC, ). (Entered: 06/07/2022) |
| 06/08/2022 |  | Minute Entry for proceedings held before Judge Madeline Hughes Haikala: Sentencing held on 6/8/2022 for James Louis Gaines, Jr (1). SENTENCE: CBP 135 months, to be served concurrently with any yet-to-be-imposed state court sentences. SRT 36 months, with special conditions as indicated on the record. No fine due to inability to pay; special assessment fee $100.00 due immediately. Defendant remanded to USM custody. (Court Reporter Leah Turner. TRANSCRIPT OF PROCEEDINGS SEALED) (KLL) (Entered: 06/08/2022) |
| 06/08/2022 | 33 | ORAL ORDER granting 28 Sealed Motion as to James Louis Gaines Jr (1). Signed by Judge Madeline Hughes Haikala on 6/8/2022. (KLL) (Entered: 06/10/2022) |
| 06/09/2022 | 32 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to dft James Louis Gaines, Jr (KBB) (Entered: 06/09/2022) |
| 06/10/2022 | 34 | JUDGMENT as to dft James Louis Gaines, Jr., Count 1, CBP 135 mos; SRT 36 mos w/Spec Cond; No Fine; Forfeiture Ordered; AF $100.00; Dft Remanded to Custody of USM. Signed by Judge Madeline Hughes Haikala on 6/10/2022. (KBB) (Entered: 06/10/2022) |
| 06/10/2022 | 35 | Sealed Document- SOR as to dft James Louis Gaines, Jr. (KBB) (Entered: 06/10/2022) |
| 06/29/2022 | 36 | ORDER OF FORFEITURE as to dft James Louis Gaines, Jr. ; The dft shall FORFEIT property to the USA as set out. Signed by Judge Madeline Hughes Haikala on 6/29/2022. (cm USA and ATF) (KBB) (Entered: 06/29/2022) |
| 09/14/2022 | 37 | Judgment Returned Executed by delivering dft James Louis Gaines, Jr to FCI GRE at Greenville, IL, on 8/22/2022. (KWC, ) (Entered: 09/14/2022) |

76157-509
James Gaines
76157-509
Federal Fed Correctional Institute
PO Box 5000
Greenville, IL 62246
United States

US District Court
1729 Fifth Ave. N
Room 140
B'ham, AL 35203-2000

